**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AGABO OKROPILASHIVILI** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 26-7116** |
| | : | |
| **JOHN RIFE, J.L. JAMISON** | : | |

# ORDER

**AND NOW**, this 23rd day of September 2026, upon considering an incarcerated man's Petition for habeas corpus (ECF 1) seeking release from custody at the Federal Detention Center Philadelphia after residing in the United States for over five years, Respondents' Answer (ECF 5) opposing release but not showing Respondents afforded Petitioner notice and an opportunity to demonstrate a pre-bond hearing release would not pose a danger to property or persons and Petitioner is likely to appear for an unscheduled bond hearing or other proceedings, it is **ORDERED** we **GRANT** the Petition for habeas corpus (ECF 1) requiring we order:

1. Petitioner Agabo Okropilashivili is not today subject to detention under 8 U.S.C. § 1226(a) without Respondents showing they afforded Petitioner pre-custodial notice of his ability to demonstrate he would not pose a danger to property or persons and Petitioner is likely to appear for future proceedings;

2. Respondents shall **forthwith** release Agabo Okropilashivili from federal custody no later than **5:30 PM EST** on **September 23, 2026** and shall confirm their strict compliance with today's Order through a Certification of Respondents' counsel filed no later than **8:30 PM EST** on **September 23, 2026**;

3. Respondents are temporarily enjoined from re-detaining Petitioner until no earlier than **October 7, 2026** and should Respondents choose to pursue re-detention before a bond hearing under section 1226(a), they must first provide Petitioner: 1) notice and an opportunity to

demonstrate release would not pose a danger to property or persons and Petitioner is likely to appear for any future proceedings; 2) identify their determination of this threshold question in their detainer documents to confirm their compliance with governing Regulations; and 3) if requested, schedule a bond hearing at which a neutral immigration judge will determine whether detention is then warranted pending resolution of those removal proceedings; and,

4. The Clerk of Court **CLOSE** this case.[1]

**KEARNEY, J.**

---

[1] Immigration and Customs Enforcement arrested Agabo Okropilashivili and detained him during a routine check-in on September 14, 2026. ECF 1 ¶ 22. Respondents claim to have detained Mr. Okropilashivili under 8 U.S.C. § 1226(a). ECF 5 at 3. Respondents must afford Mr. Okropilashivili a bond hearing before an Immigration Judge. *I.K. v. Jamison*, No. 26-3719, Order (ECF 10) (E.D. Pa. June 9, 2026) (Diamond, J.). Mr. Okropilashivili requested an Immigration Judge review his custody determination when Respondents detained him. ECF 5-1. The Immigration Court scheduled a hearing on Mr. Okropilashivili's bond application on Monday, September 21, 2026 in Elizabeth, New Jersey. ECF 5-3. Respondents assert Mr. Okropilashivili missed this scheduled bond hearing because our Order (ECF 2) precluding Respondents from altering Mr. Okropilashivili's custody until further Order prevented Respondents from transporting him to the hearing. ECF 5 at 6 n. 4. Respondents assert our Order (ECF 2) will prevent Mr. Okropilashivili from "attend[ing] any future immigration hearing, either remotely or in person, including any future bond hearing." ECF 5 at 7. Our Order today granting Mr. Okropilashivili's Petition for habeas corpus (ECF 1) moots this concern as he shall be released and then, if re-detained consistent with this Order, he may be transferred for an already scheduled bond hearing.

Mr. Okropilashivili petitions for habeas relief urging the Respondents' exercise of discretion in detaining him (absent further proof) violates the Constitution and the Immigration and Nationality Act. ECF 1. The United States opposes arguing Mr. Okropilashivili has not exhausted his administrative remedies and his substantiative and procedural due process rights are not harmed. ECF 7.

A bond hearing will address Mr. Okropilashivili's custody. And we agree with our colleagues as to his need to exhaust administrative remedies if an Immigration Judge detains him after considering the evidence at a bond hearing.

We face a different question. The question before us today is what process the United States owed Mr. Okropilashivili <u>before</u> depriving him of liberty subject to a later bond hearing including whether this type of pre-hearing custody without giving notice of the alien's ability to show grounds to avoid custody is consistent with the United States's discretion to detain him pending

his bond hearing. The United States argues neither Congress in section 1226(a) nor the regulations issued thereunder afford some form of pre-seizure determination before custody. We agree in part; Congress did not specifically identify the need for a pre-deprivation liberty determination in section 1226(a). But the regulations governing Respondents' discretion under section 1226(a) afford Mr. Okropilashivili the opportunity to demonstrate "release would not pose a danger to property or persons" and Mr. Okropilashivili "is likely to appear for any future proceeding." 8 C.F.R. § 1236.1(c)(8). The United States does not address how we are to ignore these regulations. The United States simply argues the process of exhaustion after a bond hearing. We do not dispute this post-bond hearing process. We face a different question before the bond hearing. Under the United States' view, the Respondents can place a person in custody without the findings set in the regulation and the alien can later argue for release.

We recognize (as does the United States) our colleagues differ on the due process rights when the Respondents exercise discretion under section 1226(a). Judge Diamond denied a Petition for habeas relief when Petitioner challenged detention under section 1226(a), and an Immigration Judge scheduled a bond hearing for eleven days after Immigration and Customs Enforcement (ICE) detained Petitioner. *I.K.*, No. 26-3719 at Order (ECF 10). Judge Diamond found Petitioner had not exhausted his administrative remedies. *Id.* And Judges Leeson and Kenney denied Petitions for habeas relief under similar facts. *See Piatukho v. Jamison, et al.*, No. 26-6413, 2026 WL 2719267 (E.D. Pa. Sep. 15, 2026); *Kumar v. Phila. Fed. Det. Ctr., et al*., No. 26-6689, 2026 WL 2836549 (E.D. Pa. Sep. 21, 2026).

We recognize three of our colleagues thoughtfully found detention is not authorized under section 1226(a). Chief Judge Beetlestone last week granted habeas relief finding detention under section 1226(a) is discretionary and the United States had not made an individualized bond determination. *Regalado-Nauta v. Jamison*, No. 26-6834, 2026 WL 2740528 *3–5 (E.D. Pa. Sep 16, 2026). Chief Judge Beetlestone focused, along with Judge Sánchez in an earlier case, on the lack of criminal history or dangerousness concern consistent with 8 C.F.R. § 1236.1(c)(8). The United States argues this analysis is inappropriate under a section 1226(a) discretionary abstention; it argues neither Congress nor the administrative agencies require a finding of dangerousness on an individual basis under section 1226(a). The petitioner before Chief Judge Beetlestone (like Mr. Okropilashivili) seemingly had no criminal history and regularly appeared for routine check-ins at the Philadelphia field office of the Department of Homeland Security. *Id.* Judge Sánchez similarly granted a Petition for habeas relief finding the facts before him "bereft of a reasoned finding that Petitioner is dangerous or a flight risk, or unsuitable for conditions short of detention." *Dos Reis v. McShane*, No. 26-3775, 2026 WL 1746649, at *4–5 (E.D. Pa. June 17, 2026).

Judge Rufe likewise granted habeas relief last week under section 1226(a) when the United States did not provide a habeas petitioner with an individualized custody determination or an opportunity to be heard before his section 1226(a) bond hearing. *Winniber De Los Santos Medina, v. J.L. Jamison, et al.*, No. 26-6800, 2026 WL 2742071, at *1 (E.D. Pa. Sept. 16, 2026). Judge Rufe explained before the United States exercises discretion to detain a non-citizen it must make an individualized custody determination regarding "whether the non-citizen is a danger to property or persons and is likely to appear for any future proceedings." *Id*. at *4. The United States cannot exercise discretion and detain a non-citizen based solely on immigration status. *Id*. at *5. Judge Rufe next reviewed the Supreme Court's three factor analysis from *Mathews v. Eldridge* finding

the United States did not meet its obligation to provide petitioner procedural due process. *Id.* at 4 (citing *Mathews v. Eldrige*, 424 U.S. 319, 334 (1976)). *See also Alatoom v. Rife, et al.*, No. 26-7178 at Order (ECF 8) (Sep. 22, 2026) (Kearney, J.); *Perez Angeles v. Mullin, et al.*, No. 26-7167 at Order (ECF 6) (Sep. 22, 2026) (Kearney, J.).

We are also guided by Judge Ho's earlier analysis in *Lopez Benitez v. Francis*. 795 F.Supp.3d 475, 492–495 (S.D.N.Y. 2025). Judge Ho explained reading section 1226(a) as Congress requiring the United States to make an individualized assessment "is the only way to make sense of the broader statutory and regulatory scheme" for two reasons: 1) it does not make sense to provide individuals an opportunity to challenge their detention before an immigration judge unless detention is based on an individualized assessment of dangerousness or flight risk; and 2) Congress's carve out in section 1226(c) for disfavored [criminal] non-citizens is unnecessary if it authorizes under section 1226(a) the categorical detention of any non-citizen. *Id.* at 493–94.

Mr. Okropilashivili's detention today before a bond hearing process cannot withstand due process scrutiny on the record before us. Mr. Okropilashivili has the right to demonstrate to the immigration officer issuing the warrant his release does not pose a danger to property or persons and he is likely to appear for any future proceedings. We, like Judge Rufe, reviewed the Supreme Court's *Mathews* factors and find procedural due process requires, at a minimum, the United States provide Mr. Okropilashivili with notice of this right to demonstrate grounds for his release pending a bond hearing and then exercise discretion after hearing from Mr. Okropilashivili. The United States can then note their notice of this right and their findings before custody. We would then face a closer question on due process.

We have no basis to today find the United States offered this notice and will not substitute our judgment on these findings for the officer issuing the warrant based on the limited information before us.